IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                                          Case No. 8:11-bk-22258-MGW
                                                                                                Chapter 7
FUNDAMENTAL LONG TERM CARE, INC.,

    Debtor.
_____/

THE ESTATE OF ARLENE ANNE TOWNSEND,
by and through BRENDA S. SHATTUCK, Personal
Representative,

    Plaintiff,                                                                        Adv. No. _____

vs.

GENERAL ELECTRIC CAPITAL CORPORATION,
et al.,

    Defendants.
_____/

## NOTICE OF REMOVAL

    PLEASE TAKE NOTICE that General Electric Capital Corporation ("GECC"), respectfully submits this Notice of Removal pursuant to 28 U.S.C. § 1452(a), 28 U.S.C. § 157(a), Fed. R. Bankr. P. 9027, and this Court's Local Rule 9027-1. GECC hereby removes to this Court all claims that Plaintiff the Estate of Townsend asserts against certain "Settling Third Parties," including GECC, in a pleading styled as "Plaintiff's Motion to Alter or Amend the Judgment to Conform with Evidence at Trial" (the "Removed Proceeding" or "Mot. to Alter"). Plaintiff filed this pleading in litigation captioned as Estate of Townsend v. Trans Healthcare Inc., et al., No. 09-CA-3102, in the Circuit Court of the Tenth Judicial Circuit in and for Polk

County, Florida (the "State Court").[1]  A copy of the Motion to Alter is attached as Exhibit 1 hereto.  In support of this Notice of Removal, GECC states as follows:

## BACKGROUND

1.	GECC is not named as a defendant in Plaintiff's operative complaint in the State Court.  See Second Am. Compl. (the "Underlying Negligence Complaint") [Ex. 3].  In that Complaint, the Townsend Estate asserts claims for negligence, wrongful death, breach of fiduciary duty, and statutory elder abuse against twenty-five defendants in connection with care that Arlene Townsend received in a nursing home.  Among those defendants are Trans Health Management, Inc. ("THMI") and its former parent company, Trans Healthcare, Inc. ("THI").

2.	After defense counsel for THMI and THI withdrew, the State Court entered defaults against them.  In July 2013, the State Court conducted a trial to determine the amount of damages against THI only.  The jury returned a verdict against THI in the amount of $1.11 billion—a full $1 billion of which consisted of punitive damages.  The State Court entered a default judgment against THI in that amount on July 29, 2013.  See Final Judgment [Ex. 4].

3.	Two days later, Plaintiff filed a motion in the State Court, asking it to "add" the Settling Third Parties to the $1.11 billion Final Judgment based on the theory that they were "the real parties in interest" behind THI, citing authorities purporting to allow courts to "add an alter ego" or "a successor corporation" to judgments.  See Mot. to Alter ¶¶ 4, 5 [Ex. 1].  Plaintiff did not serve GECC or the other Settling Third Parties with any process at that time.  Fifteen of the

---

[1]	Although the Motion to Alter does not expressly list the Settling Third Parties that Plaintiff seeks to add to the Final Judgment, the proposed Amended Final Judgment Plaintiff originally provided to the State Court, see Ex. 2, makes clear that these individuals and entities include GECC, Rubin Schron, Ventas, Inc., Ventas Realty, Limited Partnership, GTCR Golder Rauner, LLC, GTCR Fund VI, L.P., GTCR Partners VI, L.P., GTCR VI Executive Fund, L.P., GTCR Associates VI; Edgar D. Jannotta, Jr., THI Holdings, LLC, Fundamental Administrative Services, LLC, THI of Baltimore, Inc., Fundamental Long Term Care Holdings, LLC, Murray Forman, and Leonard Grunstein.  In this Notice of Removal, GECC will refer to these individuals and entities collectively as the "Settling Third Parties."

sixteen Settling Third Parties, including GECC, were not named as defendants in the Underlying Negligence Complaint.[2]

4. Plaintiff urged the State Court to "add" the Settling Third Parties to the $1.11 billion Final Judgment without conducting a hearing. See July 31, 2013 Ltr. from I. Ruiz-Carus to Hon. J. Dale Durrance ("We do not believe a hearing is necessary.…") [Ex. 2]. The State Court complied with this request and signed Plaintiff's proposed Amended Final Judgment the same day Plaintiff submitted it. See Am. Final Judgment [Ex. 5]. The Clerk docketed the Amended Final Judgment two days later. See id. GECC and the other Settling Third Parties immediately sought extraordinary writs in Florida's Second District Court of Appeal, explaining that the Amended Final Judgment was void because they had never received service or any of the other process due.

5. While the petitions for writs were pending, this Court discovered that, "largely unbeknownst to this Court," Plaintiff's counsel "had been pursuing fraudulent transfer and alter ego (or similar) claims in state-court proceedings supplementary" involving judgments against THI and THMI while this Chapter 7 case was pending. In re FLTCI, 500 B.R. 147, 152 (Bankr. M.D. Fla. Sept. 12, 2013). That was significant because THMI is a wholly-owned subsidiary of the Debtor, FLTCI, and because both the Trustee and the Wilkes Creditors (including the Townsend Estate) contend that THI and THMI were part of "one joint enterprise." See id. at 157. Further, the Court noted that the Wilkes Creditors' continued pursuit of their state court litigation "create[d] a very real possibility of inconsistent results," because "the evidence needed to prove up the claims is the same as the evidence the Trustee will need to prevail on her claims [in this Court]." Id. at 159. Citing these facts, this Court concluded that the Wilkes Creditors' continued efforts to collect judgments against THI and/or THMI from GECC and the other Settling Third Parties interfered with the administration of FLTCI's Estate and potentially

---

[2] The only Settling Third Party that Plaintiff named as a defendant in the Underlying Negligence Complaint is THI Holdings, LLC.

affected Estate assets.  See id. at 149, 159; In re FLTCI, 501 B.R. 770, 784 (Bankr. M.D. Fla. 2013).

6.  Thus, on November 11, 2013, this Court entered an injunction forbidding the Townsend Estate and the other "Probate Estates" represented by Wilkes & McHugh from pursuing collection efforts involving judgments against THI and THMI.  Specifically, the Court ordered that "[a]ll persons, including the Probate Estates, are hereby enjoined from pursuing any proceedings supplementary (or other collection efforts) or other actions pending outside of this Court that may implicate property conceivably belonging to the Debtor's bankruptcy estate."  Injunction Order ¶ 1 [Doc. 1272 in main case].  The Court further ordered that, "[i]n particular, parties should cease all litigation in the following federal and state court cases: . . . (g) Estate of Townsend v. Trans Healthcare, Inc., et al., Case No. 09-CA-3012, Circuit Court, Polk County, Florida."  Id. ¶ 2.

7.  The Court carved out only two narrow exceptions to this Injunction:  It permitted THI and THMI to continue their state-court appeals of judgments entered against them in negligence cases, and it permitted third parties to appeal any judgments already entered against them in supplementary proceedings.  Id. ¶ 3.  Thus, the Settling Third Parties' challenges to the Amended Final Judgment continued under the second of these two exceptions.

8.  On February 14, 2014, the Second District Court of Appeal reversed the State Court's entry of the Amended Final Judgment.  See General Elec. Capital Corp. v. Shattuck, --- So. 3d ----, 2014 WL 562968, at *4 (Fla. 2d DCA Feb. 14, 2014).  Among other findings, the appellate court held that, because Plaintiff never served the Motion to Alter on the Settling Third Parties, the State Court failed to comply with "the basic, minimal due process requirements of notice and an opportunity to be heard" and, as a result, "never gained jurisdiction" over the Settling Third Parties.

9.  On March 21, 2014, the Townsend Estate violated this Court's Injunction Order when, for the first time, it purported to "serve" the Motion to Alter on GECC and the other

Settling Third Parties by e-mailing it to their counsel. See Mot. to Alter at 6 ("Supplemental Certificate of Service") [Ex. 1].[3]

## ALL REQUIREMENTS FOR REMOVAL ARE MET

10.     The Removed Proceeding constitutes a "claim or cause of action in a civil action" subject to removal pursuant to 28 U.S.C. § 1452(a). In particular, it involves new defendants and new theories of liability—including alter ego, successor liability, and the theory that the Settling Third Parties are the "real parties in interest" behind THI—that were not raised in the Underlying Negligence Complaint. Accord Jackson-Platts v. General Elec. Capital Corp., 727 F.3d 1127, 1134-35 (11th Cir. 2013) (holding that, under 28 U.S.C. § 1441, GECC properly removed a post-judgment collection proceeding brought by another Wilkes & McHugh client because the post-judgment motion in that case sought to litigate new legal theories against a new defendant). In contrast to the Removed Proceeding, the only claims asserted in the Underlying Negligence Complaint were for negligence, wrongful death, breach of fiduciary duty, and elder abuse.

11.     This Court has subject matter jurisdiction over the Removed Proceeding because the claims asserted therein are "related to" the above-captioned Chapter 7 proceeding. See 28 U.S.C. § 1334(b). As this Court has recognized, creditors' efforts to collect judgments against THI in state courts interfere with the administration of the FLTCI Estate and potentially affect its assets. The Removed Proceeding also falls squarely within the scope of this Court's November 11, 2013 Injunction Order. The Court therefore has jurisdiction pursuant to 28 U.S.C. §§ 157(a) & 1334(b) and the Middle District of Florida's Standing Order of Reference for Title 11 cases. In re Standing Order of Reference Cases Arising Under Title 11, United States Code, No. 6:12-mc-26-ORL-22 (M.D. Fla. Feb. 22, 2012).

---

[3]     GECC reserves all of its rights to defend against the claims asserted in the Removed Proceeding on any applicable basis, including insufficient service of process and lack of jurisdiction over GECC.

12. This Notice of Removal is timely under Fed. R. Bankr. P. 9027(a)(3) because GECC filed it within 30 days after March 21, 2014, which is the date on which Plaintiff first purported to serve the Motion to Alter on GECC.

13. Mandatory abstention does not apply to the Removed Proceeding. See 28 U.S.C. § 1334(b). In particular, and without limitation, the Removed Proceeding cannot "be timely adjudicated . . . in a State forum of appropriate jurisdiction" because this Court's Injunction Order forbids Plaintiff from litigating the Removed Proceeding in State Court. See id. Moreover, this Court has the authority to interpret and enforce its own prior orders. See Alderwoods Group, Inc. v. Garcia, 682 F.3d 958, 969-70 (11th Cir. 2012) (holding that "a bankruptcy court necessarily has power to enforce its own orders regarding its administration of the estate," including, in particular, injunctive orders); In re New River Dry Dock, Inc., 497 B.R. 359, 361 (Bankr. S.D. Fla. 2013) ("The bankruptcy court has unquestioned authority to enforce its own orders regarding administration of the estate."). The exercise of such authority is appropriate here.

14. Pursuant to Fed. R. Bankr. P. 9027(a)(1), GECC states that the claims asserted in the Motion are non-core. However, the Removed Proceeding is partially core to the extent it implicates this Court's jurisdiction to interpret and enforce the Court's own prior orders as matters affecting the administration of the estate pursuant to 28 U.S.C. § 157(b)(2)(A). To the extent the Removed Proceeding is non-core, GECC consents to the Bankruptcy Court's entry of final judgment in connection with the Removed Proceeding.

15. Removal under 28 U.S.C. § 1452 does not require the consent of all defendants. See In re Terry Mfg. Co., 324 B.R. 147, 152 (Bankr. M.D. Ala. 2005) ("[T]he great weight of authority holds that unanimity is not required in a § 1452 removal."). Nonetheless, GECC understands that all of the Settling Third Parties targeted in the Removed Proceeding consent to removal and will file statements on the docket indicating their consent and stating their positions

as to whether this is a core proceeding and whether they consent to this Court's entry of final judgment.

16.     Pursuant to Fed. R. Bankr. P. 9027(e)(2) and Local Rule 9027-1, GECC will file with this Notice copies of the record in the State Court, including all process, pleadings, orders and other papers or exhibits of every kind, including depositions, on file in the State Court. A copy of the docket from the State Court is attached hereto as Exhibit 6.

17.     GECC will file a copy of this Notice of Removal with the State Court and will also serve a copy on counsel for Plaintiff, the other Settling Third Parties, and the Trustee.

NOW THEREFORE, all parties are HEREBY NOTIFIED that, upon the filing of a copy of this Notice of Removal with the State Court, the Removed Proceeding will thereby be removed from the State Court to this Court, and the parties shall proceed no further in the State Court unless and until this Court issues an order of remand.

Respectfully submitted,

/s/ Carol A. Licko
Carol A. Licko
Florida Bar No. 435872
Carol.licko@hoganlovells.com
HOGAN LOVELLS US LLP
600 Brickell Avenue
Suite 2700
Miami, Florida 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550

*Counsel for General Electric Capital Corporation*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 24, 2014, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF.  Copies of the foregoing document will be served upon interested counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.   I further certify that a true and correct copy of the foregoing has been served via first class mail on all counsel of record listed on the attached service list.

/s/ Carol A. Licko

**SERVICE LIST**
*In re: Fundamental Long Term Care, Inc.*
*Estate of Townsend, et al. v. General Electric Capital Corporation, et al.*

Isaac Ruiz-Carus
Iruiz-carus@wilkesmchugh.com
James L. Wilkes, II
jwilkes@wilkesmchugh.com
Bennie Lazzara, Jr.
bennie@wilkesmchugh.com
Joanna Greber
jgreber@wilkesmchugh.com
Wilkes & McHugh, P.A.
One North Dale Mabry, Suite 800
Tampa, Florida 33609
(813) 873-0026

William P. Murray, III
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(215) 972-0811
wmurray@wilkesmchugh.com

Steven M. Berman
sberman@slk-law.com
Seth P. Traub
strabu@slk-law.com
Shumaker Loop & Kendrick, LLP
101 East Kennedy Boulevard, Suite 2800
Tampa, Florida 33612
(813) 229-7600

Rod Anderson
Rod.anderson@hklaw.com
Holland & Knight LLP
100 North Tampa Street, Suite 4100
P.O. Box 1288
Tampa, Florida  33602
(813) 227-8500

(813) 229-0134 - facsimile
Jeffrey W. Warren
jwarren@bushross.com
J. Carter Andersen
candersen@bushross.com
Bush Ross, P.A.
P.O. Box 3913
Tampa, Florida 33601-3913
(813) 224-9255
(813) 223-9620 – facsimile

Harley E. Riedel
Daniel R. Fogarty
Stichter, Riedel, Blain & Prosser, PA
110 East Madison Street, Suite 200
Tampa, FL 33602
(813) 229-0144
hriedel@srbp.com
dfogarty.ecf@srbp.com

Brian K Gart
Berger Singerman
350 East Las Olas Blvd., Suite 1000
Fort Lauderdale, FL 33301
(954) 525-9900
(954) 523-2872 - facsimile
bgart@bergersingerman.com

Michael J Hooi
Stichter, Riedel, Blain & Prosser, P.A.
110 E. Madison St. Ste. 200
Tampa, FL 33602
813-229-0144
mhooi.ecf@srbp.com

Hunter W. Carroll
hcarroll@matthewseastmoore.com
Matthews, Eastmore, Hardy, Crauwels & Garcia, P.A.
1777 Main Street, Suite 500
Sarasota, Florida 34236-5841
(941) 366-8888
(941) 654-7777 – facsimile

Daniel J. Weiss
dweiss@jenner.com
Ronald Peterson
rpeterson@jenner.com
Caroline A. Lindsey
clindsey@jenner.com
Jenner & Block, LLP
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350
(312) 527-0484 – facsimile

Lisa B. Markofsky
lmarkofsky@proskauer.com
Proskauer Rose, LLP
2255 Glades Road, Suite 421 Atrium
Boca Raton, Florida 33431-7360
(561) 241-7400
(561) 241-7145 - facsimile

Gregory M. McCoskey
Greg.mccoskey@akerman.com
Akerman LLP
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
(813) 223-7333

Michael I. Goldberg
Akerman LLP
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
Michael.goldberg@akerman.com

Patricia Redmond
predmond@stearnsweaver.com
Stearns Weaver Miller
150 West Flagler Street
Suite 2200
Miami, Florida 33130
(305) 789-3553
(305) 789-3395 – facsimile

Steven A. Engel
Steven.engel@dechert.com
Dechert LLP
1900 K Street NW
Washington, DC 20006

Katherine M. Wyman
Katherine.wyman@dechert.com
Dechert LLP
One International Place, 40th Floor
100 Oliver Street
Boston, MA 02110

Christopher Hopkins
Akerman LLP
222 Lakeview Avenue
Fourth Floor
West Palm Beach, Florida 33401
(561) 653-5000
(561) 659-6313 – facsimile
Christopher.hopkins@akerman.com

Paul V. Possinger
Proskauer Rose, LLP
70 West Madison
Suite 3800
Chicago, Illinois 60602
ppossinger@proskauer.com